IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| QUEENINA STALLWORTH, an individual, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO: 2:15-CV-02030-LSC ) |
| REPUBLIC SERVICES, INC. AND BFI WASTE SERVICES, LLC, | ) JURY DEMAND REQUESTED ) ) ) ) |
| Defendants. | ) |

## AMENDED COMPLAINT

1. Plaintiff Queenina Stallworth is over nineteen years of age, a resident of Jefferson County, Alabama and a citizen of the State of Alabama (hereinafter "Plaintiff Stallworth").

2. Defendant Republic Services, Inc. (hereinafter "Defendant Republic Services") is incorporated in the State of Delaware with its principal place of business in Maricopa County, Arizona, and conducts business in the State of Alabama.

3. In its Amended Answer, Defendant Republic Services asserted that BFI Waste Services, LLC, a wholly owned subsidiary of Defendant Republic Services and a separate limited liability company, employed the driver who hit Plaintiff Stallworth and owned the vehicle driven by the employee at the time of

the wreck. Therefore, Plaintiff Stallworth has amended her Complaint to include BFI Waste Services, LLC as a Defendant.

4. Defendant BFI Waste Services, LLC (hereinafter "Defendant BFI Waste Services") is incorporated in the State of Delaware with its principal place of business in Maricopa County, Arizona, and conducts business in the State of Alabama. Defendant BFI Waste Services also conducts business under the names "Allied Waste Services" and "Republic Services."

5. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00 as specified by 28 U.S.C. § 1332.

6. Venue is proper as the events forming the basis for this cause of action occurred in Jefferson County, Alabama.

7. On or about November 15, 2013, Plaintiff Stallworth was operating a motor vehicle upon a public road, to-wit: north on Minor Parkway at the intersection of Minor Parkway and Crumley Chapel Road, located in Jefferson County, Alabama. At said time and place, Defendant Republic Services and/or Defendant BFI Waste Services, by and through its employee driver, acting in the line and scope of his employment with Defendant Republic Services and/or Defendant BFI Waste Services, negligently, wantonly, and recklessly operated a vehicle by running a red light and striking Plaintiff Stallworth's vehicle as she made a left-hand turn, causing injuries and damages to Plaintiff Stallworth.

Plaintiff Stallworth had a green light, and other drivers witnessed the collision.

## COUNT I – NEGLIGENCE

8. Plaintiff Stallworth re-asserts, re-alleges and incorporates paragraphs 1 through 7 as if set out herein in full.

9. Plaintiff Stallworth contends that Defendant Republic Services and/or Defendant BFI Waste Services' employee had a duty to operate his motor vehicle in a safe manner and consistent with the Rules of the Road of Alabama. Plaintiff Stallworth contends that at the aforesaid time and place, Defendant Republic Services and/or Defendant BFI Waste Services' employee, while acting in the line and scope of his employment with Defendant Republic Services and/or Defendant BFI Waste Services, breached said duty by failing to keep a proper lookout for other vehicles, by operating a vehicle carelessly, by driving in excess of the posted speed limit, and by failing to stop at a red light, therefore striking Plaintiff Stallworth's vehicle.

10. Plaintiff Stallworth avers that said negligent conduct of Defendant Republic Services and/or Defendant BFI Waste Services' employee, while acting in the line and scope of his employment with Defendant Republic Services and/or Defendant BFI Waste Services, was the direct and proximate cause of the injuries and damages to Plaintiff Stallworth.

11. As a result of Defendant Republic Services and/or Defendant BFI

Waste Services' employee's negligent conduct while acting in the line and scope of his employment with Defendant Republic Services and/or Defendant BFI Waste Services, Plaintiff Stallworth suffered injuries including but not limited to her head, neck, back, right wrist, and right knee, as well as multiple scrapes, bruises and contusions about her face and body.  She was otherwise injured, suffered great pain of body and mind, property damage, and substantial expenses for medical attention and hospitalization and will incur future medical expenses.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Stallworth demands judgment, in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332, against Defendant Republic Services and/or Defendant BFI Waste Services for compensatory damages in an amount to be determined by a jury, plus costs.

## COUNT II - WANTONNESS

12. Plaintiff Stallworth re-asserts, re-alleges and incorporates by reference paragraphs 1 through 11 as if set out herein in full.

13. Plaintiff Stallworth avers that said conduct of Defendant Republic Services and/or Defendant BFI Waste Services' employee rose to the level of wantonness in that the employee acted with a reckless or conscious disregard of the rights and safety of others in that the employee knew or should have known that by failing to keep a proper lookout for other vehicles, operating a vehicle carelessly,

driving in excess of the posted speed limit, and running a red light would cause injuries to Plaintiff Stallworth and other drivers.

14. At the aforesaid time and place, Defendant Republic Services and/or Defendant BFI Waste Services' employee's wanton operation of his vehicle, while acting in the line and scope of his employment with Defendant Republic Services and/or Defendant BFI Waste Services, was the direct and proximate cause of the injuries and damages to Plaintiff Stallworth.

15. As a result of Defendant Republic Services and/or Defendant BFI Waste Services' employee's wanton operation of his vehicle while acting in the line and scope of his employment with Defendant Republic Services and/or Defendant BFI Waste Services, Plaintiff Stallworth was caused to suffer injuries as stated above.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Stallworth demands judgment, in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332, against Defendant Republic Services and/or Defendant BFI Waste Services for punitive damages in an amount to be determined by a jury, plus costs.

**COUNT III - NEGLIGENT & WANTON ENTRUSTMENT**

16. Plaintiff Stallworth re-asserts, re-alleges and incorporates by reference paragraphs 1 through 15 as if set out herein in full.

17. Plaintiff Stallworth states that on or about November 15, 2013,

Defendant Republic Services and/or Defendant BFI Waste Services negligently and/or wantonly entrusted a vehicle to its employee.

18. Plaintiff Stallworth avers that Defendant Republic Services and/or Defendant BFI Waste Services' employee's negligent and/or wanton conduct in the operation of said entrusted vehicle was the direct and proximate cause of injuries and damages to Plaintiff Stallworth.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Stallworth demands judgment, in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332, against Defendant Republic Services and/or Defendant BFI Waste Services in an amount to be determined by a jury, plus costs.

**COUNT IV – NEGLIGENT HIRING, TRAINING & SUPERVISION**

19. Plaintiff Stallworth re-asserts, re-alleges and incorporates by reference paragraphs 1 through 18 as if set out herein in full.

20. Plaintiff Stallworth maintains that on or about November 15, 2013, Defendant Republic Services and/or Defendant BFI Waste Services', its agents and/or employees, negligently and/or wantonly hired, failed to adequately train, and/or supervise its employee, who operated Defendant Republic Services and/or Defendant BFI Waste Services' vehicle in a negligent and/or wanton manner, causing injuries and damages to Plaintiff Stallworth.

21. The above-described negligent and/or wanton hiring, training, and

supervising of Defendant Republic Services and/or Defendant BFI Waste Services' employee combined and concurred to directly and proximately cause injuries and damages to Plaintiff Stallworth.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Stallworth demands judgment, in excess of the minimum jurisdictional limits set forth in 28 U.S.C. § 1332, against Defendant Republic Services and/or Defendant BFI Waste Services in an amount to be determined by a jury, plus costs.

/s/ Robert L. Gorham_____
Robert L. Gorham (ASB-0010-H66R)
Attorney for Plaintiff


**OF COUNSEL:**
**GORHAM & ASSOCIATES LLC**
517 Beacon Parkway West
Birmingham, Alabama 35209
(205) 943-9339 Office
(205) 943-9338 Facsimile


## JURY DEMAND

Plaintiff demands trial by struck jury.

/s/ Robert L. Gorham_____
Robert L. Gorham

**PLEASE SERVE DEFENDANT
VIA CERTIFIED MAIL AS FOLLOWS:**

BFI Waste Services, Inc.
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104-3821

## **CERTIFICATE OF SERVICE**

This is to certify that I have this 16th day of December, 2015, served a copy of the above instrument upon the following counsel of record for Republic Services, Inc. via the CM/ECF electronic filing system:

M. Keith Gann, Esq.
HUIE, FERNAMBUQ & STEWART, LLP
2801 Hwy. 280 South, Suite 200
Birmingham, AL 35223

/s/ Robert L. Gorham_____
OF COUNSEL