IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

QUEENINA STALLWORTH, )
an individual, )
            Plaintiff, )
)
vs. )Civil Action No.: 15-CO-2030-S
)
REPUBLIC SERVICES, INC., )
)
            Defendant. )

## ANSWER OF DEFENDANT BFI WASTE SERVICES, LLC TO AMENDED COMPLAINT

Comes now the Defendant, BFI Waste Services, LLC, and in answer to Plaintiff's Amended Complaint states as follows:

1. Admitted.

2. Admitted in part. It is denied that Republic Services, Inc. does business in Alabama, except through subsidiaries.

3. Admitted.

4. Admitted.

5. This Defendant has insufficient knowledge to know if the amount in controversy exceeds the sum of $75,000.00.

6. It is admitted that the events forming the basis of this suit occurred in Jefferson County, Alabama.

7. Admitted in part and denied in part. It is denied that Republic Services, Inc. employed the driver or that the driver was acting in the line and scope of employment with Republic Services, Inc. It is denied that the Defendants are guilty of negligence, wantonness and reckless operation of a motor vehicle. It is believed at this time that Plaintiff had a green light but this Defendant reserves the right to amend following investigation. Defendant has insufficient knowledge to know about damages to Plaintiff Stallworth.

8. Defendant reasserts its previous responses.

9. It is denied that the driver of the truck was employed by Republic Services, Inc. This Defendant has insufficient information to admit or deny the remaining allegations and therefore they are deemed denied.

10. Denied.

11. Defendant has insufficient information to know about Plaintiff's alleged injuries and therefore these allegations are deemed denied.

12. Defendant reasserts its previous responses.

13. Denied.

14. Denied.

15. Denied.

16. Defendant reasserts its previous responses.

17. Denied.

18. Denied.

19. Defendant reasserts its previous responses.

20. Denied.

21. Denied

## FIRST DEFENSE

Defendant denies that it is guilty of negligent or wanton hiring, training or supervision.

## SECOND DEFENSE

Defendant denies that it is guilty of negligent or wanton entrustment.

## THIRD DEFENSE

Defendant reserves the right to plead failure to mitigate injury and damages following additional investigation and discovery.

## FOURTH DEFENSE

Defendant reserves the right to plead contributory negligence following additional investigation and discovery.

## FIFTH DEFENSE

This Defendant denies that it is guilty of negligence or wantonness in this matter and demands strict proof thereof.

## SIXTH DEFENSE

Defendant has insufficient information to know the extent of Plaintiff's alleged injuries and therefore the injuries alleged in the Complaint are denied.

## SEVENTH DEFENSE

As concerns all claims for punitive damages, this Defendant avers that such claims and such requisite burden of proof violate this Defendant's rights to equal protection and due process under the Constitution of the United States and the Constitution of the State of Alabama; said claims and requisite burden of proof amount to an undue taking without due process of law and violate the Excessive Fines Clause of the Constitution of the United States and the Constitution of the State of Alabama. This Defendant affirmatively avers that the Plaintiff's claim for punitive damages is vague, arbitrary, and unclear and that the standard for determining liability for punitive damages under Alabama law does not define with sufficient clarity the conduct or mental state of the Defendant which gives rise to a claim for punitive and exemplary damages. Additionally, the Plaintiff's claim for punitive damages cannot be sustained in that there are no meaningful standards for determining the amount of any punitive damage award under Alabama law and that Alabama law fails to state with sufficient clarity the consequence to a Defendant of any conduct which may give rise to the claim for punitive damages. Therefore, any award of punitive damages violates this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama. Also, it would be unconstitutional to impose punitive damages for acts or alleged acts of another.

## EIGHTH DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate this Defendant's rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

## NINTH DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages cannot be sustained in that any award of punitive damages under Alabama law without a bifurcated trial

as to all punitive damage issues would be violative of this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the Constitution of the United States of America and under the Constitution of the State of Alabama.

## TENTH DEFENSE

This Defendant affirmatively avers that the Plaintiff's claim for punitive damages would this violate Defendant's rights to due process under the Fourteenth Amendment to the Constitution of the United States of America and under the Constitution of the State of Alabama as well as to other rights and protections afforded to it by *State Farm Automobile Ins. Co. v. Campbell*, 123 S. Ct. 1513 (April 7, 2003).

## ELEVENTH DEFENSE

Unless this Defendant's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

## TWELFTH DEFENSE

Plaintiff's claim for punitive damages against this Defendant cannot be maintained, because an award of punitive damages under Alabama law would be void for vagueness, both facially and as applied. Among other deficiencies, there is an absence of adequate notice of what conduct is subject to punishment; an absence of adequate notice of what punishment may be imposed; an absence of predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, a risk that punitive damages will be imposed retrospectively based on conduct that was not deemed punishable at the time the conduct occurred, and it would permit and encourage arbitrary and discriminatory enforcement, all in violation of the due process clause of the Fourteenth Amendment to the United States Constitution, Article I, § 13 of the Alabama Constitution, and the common law and public policies of the State of Alabama.

## THIRTEENTH DEFENSE

Plaintiff's claim for punitive damages against this Defendant cannot be maintained, because any award of punitive damages under Alabama law would be by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, and corporate status of this Defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to adequate trial court and appellate judicial review for

reasonableness and furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama.

## FOURTEENTH DEFENSE

Any award of punitive damages based on anything other than this Defendant's conduct in connection with the specific matter that is the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and Article I, § 13 of the Alabama Constitution, and would be improper under the common law and public policies of the State of Alabama because any other judgment for punitive damages in this case cannot protect this Defendant against impermissible multiple punishment for the same wrong and against punishment for extra-territorial conduct, including especially conduct that is lawful in states other than the State of Alabama. In addition, any such award would violate principles of comity under the laws of the State of Alabama.

## FIFTEENTH DEFENSE

To the extent that the law of Alabama permits punishment to be measured by the net worth or financial status of this Defendant and imposes greater punishment on defendants with larger net worth, such an award would be unconstitutional because it permits arbitrary, capricious and fundamentally unfair punishments, allows bias and prejudice to infect verdicts imposing punishment, allows punishment to be imposed based on lawful profits and conduct of this Defendant in other States, and allows dissimilar treatment of similarly situated defendants, in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and Article I, § 13 of the Alabama Constitution.

## SIXTEENTH DEFENSE

The Defendant pleads the standards and limitations regarding the determination and/or enforcement of punitive damage awards provided under Section 6-11-20 and 21, Code of Ala. 1975.

## SEVENTEENTH DEFENSE

The Defendant pleads the standards and limitations regarding the determination and/or enforcement of punitive damage awards provided under Section 6-11-27.

## EIGHTEENTH DEFENSE

The procedures pursuant to which punitive damages are awarded may result in the award and several judgments against multiple defendants for different alleged acts of wrong-doing which infringes on the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

## NINETEENTH DEFENSE

The procedures pursuant to which punitive damages are awarded are to permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct which thereby infringes the due process clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

## TWENTIETH DEFENSE

The Defendant pleads all applicable "tort reform" statutes which have been enacted by our legislature.

## TWENTY-FIRST DEFENSE

Defendant pleads the two year statute of limitations.

## TWENTY-SECOND DEFENSE

Defendant reserves the right to further amend this answer following investigation and discovery.

Respectfully submitted,

/s/ Keith Gann
_____
M. Keith Gann, ASB-9423-N52M
Attorney for BFI Waste Services, LLC

OF COUNSEL:

HUIE, FERNAMBUCQ & STEWART, LLP
2801 Hwy. 280 South, Suite 200
Birmingham, AL 35223
Phone: 205-251-1193
Fax:    205-251-1256
e-mail: kgann@huielaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of January 2016 I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of filing to counsel who are CM-CEF participants.

/s/ Keith Gann
_____
Of Counsel